**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| LUIS EDUARDO MARTINEZ CHACIN,<br>Petitioner,<br><br>vs.<br><br>LINN COUNTY SHERIFF, et al.,<br><br>Respondents. | No. 26-CV-204-CJW-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

---

Petitioner Luis Eduardo Martinez Chacin's petition for a writ of habeas corpus filed under Title 28, United States Code, Section 2241 is before the Court. (Doc. 1). Respondents filed a response. (Doc. 9). Petitioner filed a reply. (Doc. 13). For the following reasons, the Court **orders** petitioner **show cause** within fourteen days why the Court should not dismiss the petition.

## *I. BACKGROUND*

Petitioner is a citizen of Venezuela. (Doc. 1-1, at 1). On September 18, 2024, he entered the United States at San Ysidro, California, and was granted humanitarian parole for two years. (Doc. 1-1, at 3–4); *see* 8 U.S.C. § 1182(d)(5)(A). That parole automatically expired on September 17, 2026. (Doc. 1-1, at 3). At some point, petitioner applied for asylum and withholding of removal. (*Id.*, at 5). On December 17, 2024, petitioner received employment authorization. (*Id.*, at 2).

On September 20, 2026, petitioner was arrested in Linn County, Iowa on a charge of criminal mischief in the fourth degree. *State v. Martinez Chacin*, SRCR166216 (Dist.

Ct. Linn Cnty. 2026)[1]; (Doc. 12-5). That charge was dismissed the next day. *Martinez Chacin*, SRCR166216; (Doc. 12-5, at 4). On September 22, 2026, Immigration and Customs Enforcement took petitioner into custody. (Docs. 12-1, at 4; 12-4).

On September 29, 2026, petitioner filed the instant petition and provided the Court with exhibits. (Docs. 1 & 1-1). Following initial review, the Court allowed the case to proceed and appointed petitioner counsel. (Doc. 3). On October 6, 2026, petitioner's counsel filed an appearance. (Doc. 5). On October 20, 2026, respondents filed a response and provided the Court with a declaration from A. Bates and Exhibits A, B, C, and D. (Docs. 9, 12-1 through 12-5). On October 26, 2026, petitioner filed a reply. (Doc. 13). Petitioner remains detained at the Linn County Correctional Center. (Doc. 1-1, at 6; Doc. 12-1, at 4).

## *II. LEGAL STANDARD*

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The right to challenge the legality of a person's confinement "through a petition for a writ of habeas corpus . . . extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Presider v. Rodriguez*, 411 U.S. 475, 485 (1973); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and *Demore v. Kim*, 538 U.S. 510, 517 (2003)). A petitioner bears the burden of proving by a preponderance of the evidence

[1] Iowa state court criminal and civil records may be accessed online at: www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

that their detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## *III. DISCUSSION*

In his petition, petitioner states, "I am writing this petition myself, without a lawyer." (Doc. 1, at 1). At the bottom of the petition, petitioner wrote, "I declare under penalty of perjury under 28 U.S.C. § 1746 that the facts stated in this petition are true and correct to the best of my knowledge. Signed on September 23, 2026, at Cedar Rapids, Iowa." (*Id.*, at 7). He signed as "Petitioner, Pro Se" and listed in his signature block his address as the Linn County Jail. (*Id.*). He also filed a cover letter that stated, "I do not have a lawyer" with the same signature block. (Doc. 1-3, at 1). The envelope that the petition and included documents arrived in was sent from ZIP Code 33196, which is Miami, Florida. (*Id.*, at 2). Likewise, a search of the United States Postal Service ("USPS") tracking history shows that the item was placed in USPS possession at 11:13 a.m. on September 24, 2026, in Miami.

Respondents argue that petitioner's ghostwritten pleading does not satisfy his initial evidentiary burden. (Doc. 9, at 4). They argue that "[a]t a minimum, it is apparent that some undisclosed individual or individuals drafted all or some part of the [p]etition" in particular because of the timing and location of the petition's mailing, that the petition matches another allegedly pro se petition, and that petitioner's signature varies. (*Id.*, at 4–5). They also argue that "[h]abeas petitions present an even greater problem for non-attorney assistance, because the petition must 'be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf', and the signature must be 'under penalty of perjury'." (*Id.* (citing 28 U.S.C. § 2242, Rs. Governing § Cases R. 2(c)(5)). Respondents request that the Court order petitioner "disclose the identity of the undisclosed individual or individuals who drafted the [p]etition and identify who signed the [p]etition." (*Id.*, at 5–6).

In his reply, through counsel, petitioner states, "assuming the government is correct that a third party out of Miami prepared the [p]etition, it would be easy to email a draft to a family member of [petitioner], the family member to bring it to the jail for [petitioner] to review and sign, and then scan it and email it back to the preparer." (Doc. 13, at 2). He also states that the signatures on the petition and one of the exhibits appear to defense counsel as "quite alike." (*Id.*). He does not, however, verify that he prepared the petition himself, without the assistance of an attorney or non-attorney third party, or verify that the signature is his. Nor does he state, as a fact, that a third party in Miami prepared the petition, emailed a draft to a family member who brought it to the jail for defendant to sign, then scanned it and emailed it back to the preparer in time to be mailed. Petitioner simply says such an unusual and bizarre course of events is possible. Petitioner emphasizes that, regardless, respondents do "not claim that any of the facts alleged in the [p]etition (beyond the claim that [petitioner] personally prepared the [p]etition) are untrue." (*Id.*). He asks that the "Court order his immediate release with the requirement that the government provide notice and a hearing before a neutral arbiter before re-detention, or in the alternative, that the government provide him with a bond hearing before a neutral arbiter." (*Id.*, at 5).

Here, the Court notes, first, that the body of the petition is a verbatim copy of another petition pending before the Court. *See* (26-cv-215, Doc. 1). In that petition, the petitioner likewise claimed to be representing himself and signed under penalty of perjury that he prepared the document without assistance. (*Id.*, at 1). Given the identical filings, the Court finds that, at a minimum, one of the two petitions was copied from somewhere or someone else and one of the petitioners has made a misrepresentation to the Court.

It is more likely, however, that one or both of the documents were ghostwritten. The Court has previously cautioned against ghostwriting, the unauthorized practice of law, and pro se parties filing documents written by others. *See* (25-CV-3041, Doc. 13,

at 2–5). The Court repeats the same warning here: the preparation of legal documents on behalf of others either as a licensed attorney or by a non-lawyer raises both professional conduct and unauthorized practice of law concerns. *Patel v. U.S. Citizenship & Immigr. Servs.*, No. 1:25-CV-00114-ACL, 2026 WL 146496, at *8 (E.D. Mo. Jan. 20, 2026) ("[T]his Court will not accept filings 'ghostwritten' by others. Future filings of [p]laintiff should be written by [p]laintiff, in his own words."); *Bin Nasrullah v. U.S. Citizenship & Immigr. Servs.*, No. 1:25-cv-00183, 2026 WL 915069, at *8 (D.N.D. Apr. 3, 2026) ("[T]he court cautions . . . that it will not accept 'ghostwritten' filings. Any future filings by [p]laintiff shall be written in his own words."); *Patel v. U.S. Citizenship & Immigr. Servs.*, No. 8:25CV59, 2025 WL 1655294, at *2 n.3 (D. Neb. June 11, 2025) (cautioning both "lay and lawyer" parties against defying the rules of professional conduct and the authorized practice of law); *Monroy v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 8:25CV74, 2025 WL 1267767, at *2 (D. Neb. May 1, 2025) ("What does trouble the Court is that the cases are substantively identical and all plaintiffs list the same mailing address, which suggests to the Court that these cases result from a factory operation for 'ghost-written' pleadings."). The Court finds, as it did previously, that whoever drafted or approved the petition, if a licensed attorney, likely violated Iowa Rules of Professional Responsibility 32:5.5 and 32:5.7, which apply to lawyers practicing in front of this Court through Local Rule 83(f)(1). If this is, indeed, what is happening, the Court will not tolerate it and may bring sanctions against the person preparing the petitions.

At the same time, if whoever wrote this document is not petitioner himself and not an attorney, that person still likely violated this Court's rules. Again, the Court warns that a party may proceed pro se or be represented by a licensed attorney admitted to practice before the Court, but a party may not proceed represented by a nonparty layperson. Although pro se individuals have an absolute right to represent themselves,

pro se parties may not represent the interests of other parties. 28 U.S.C. § 1654 (setting out the rule that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *see also Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (explaining "[n]on-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer . . . has no right to represent another entity"); *Cabrera v. State of N. Dakota Workforce Safety & Ins. Fund*, No. 1:18-cv-242, 2020 WL 1068110 (D.N.D. March 5, 2020) (non-attorney wife may not represent her husband's estate in ADA action). The Court notes that ghostwritten filings could also make those responsible—whether attorneys or non-attorneys—subject to sanctions. *See* Fed. R. Civ. P. 11(c); *see also Caranchini v. Nationstar Mortg.*, LLC, 97 F.4th 1099, 1103 (8th Cir. 2024); *Keirsey v. Newton*, No. 1:24-cv-00126-SNLJ, 2026 WL 472731, at *2 (E.D. Mo. Feb. 19, 2026) (cautioning "that permitting [someone] to ghostwrite pleadings and/or to engage in the unauthorized practice of law to support her in this matter will result in sanctions"). This is so because "[a] non-attorney cannot represent, or sign pleadings on behalf of, another person in federal court." *Monroy*, 2025 WL 1267767, at *2. Likewise, "attorneys and non-attorneys are not allowed to litigate cases behind the scenes by providing legal representation to pro se plaintiffs while keeping their identity concealed from the Court." *Id.* at *3.

Petitioner did not engage with or meaningfully respond to respondents' allegation that the petition was ghostwritten. In fact, petitioner, through counsel, implies that a third party may have prepared, emailed, and mailed the filing, but does not go so far as to state that that is what happened. If it is the case that a third party drafted or signed the document, such is improper, a violation of the Court's rules, and potentially sanctionable, for the reasons outlined above. Likewise, a habeas petition not signed

under penalty of perjury by the petitioner fails to abide by the rules governing habeas proceedings and is subject to dismissal. If, as petitioner hypothesizes, someone prepared the petition, emailed it to a family member, and the family member brought it to the jail for petitioner's signature and then emailed the signed petition back to the preparer, then petitioner should be able to easily prove this was so by providing the Court with copies of the email and jail visitation records.

Thus, the Court **orders** that within fourteen (14) days petitioner must **show cause** as to why the Court should not dismiss the petition for failure to strictly comply with Rule 2(c)(5). In his response, the Court also **orders** that petitioner verify that his petition was written by himself, with no undisclosed assistance from another, and that his signature is his, and to provide evidence to support this assertion. If either party believes that an evidentiary hearing is necessary to resolve this issue, either party may file a motion for a hearing.

## *IV. CONCLUSION*

For those reasons, the Court hereby **orders** that within fourteen (14) days of the date of this Order petitioner must **show cause** why his petition should not be dismissed.

**IT IS SO ORDERED** this 2nd day of November, 2026.

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa